Council, the first case today is number 171212, United States v. Ezequiel Rivera-Berrios. Thank you, sir. Mr. Crouch, good morning. Good morning, Your Honors. Thank you. Good morning, and may it please the Court, Andrew Crouch on behalf of Ezequiel Rivera-Berrios, who appeals from a sentence out of the District of Puerto Rico. Mr. Rivera brings to this Court two specific challenges, one to the procedural elements of his sentence, and second to the substantive reasonableness of that sentence. With respect to these, this is a case where Mr. Rivera, his sentence occurred, or his conviction occurred at a point where he offers a plea, and then in between the time of his plea and his sentence, he has a revocation on an underlying case from the Superior Court in Puerto Rico. This brings to this Court the question of the District Court's calculation of the criminal history score and then the criminal history category to which he was assigned. Here he was assigned to the criminal history category of three, where we would contend that that should have been a criminal history category of two. This was an issue that was raised by Mr. Rivera's counsel at the time of his sentencing. He brought this up repeatedly, and it was an issue that was briefed. Usually this Court would review this for an abuse of discretion, but the issue that we're looking at here is specifically the interpretation of the guidelines in the case, and so this Court will review those de novo. Can I ask you a question? Certainly. Am I correct that the District Judge at some point said he would have given him that sentence irrespective of the guidelines or any other? This is correct, Your Honor. Does that have any relevance to your arguments? It does in the sense that it makes a challenge certainly on the back half, and under the standard of review for the substantive reasonableness, it's already a challenging standard of review. But here I certainly acknowledge the line of cases that talk about where the judge makes a specific statement with regards to the application of these guidelines and whether or not he would have still, even if he is an error, that I acknowledge those line of cases. But with that said, I think we have to look at what sort of, I think that there has to be some sort of room in the case law for some sort of review of an error that influences the ultimate outcome to an extent. But it doesn't, what's the evidence that influenced it if he said it didn't? I think here what we look at is, and as I said, I certainly acknowledge the challenging nature of that line of cases, but here what he does is in calculating that score, he then obviously almost doubles what, or adds about a two-year sentence over what the parties had talked about. Here in terms of specifically, the record provides some limited ability for him to challenge those specific points, specific points with regards to where the judge says, this is not going to influence me. We would still say this court has to take a look at the application of that guideline, and there has to be some sort of basis under due process to look at that and have this court at least review it and to make a note as to the issue that I would suggest is one of first impression in this particular case. So not jumping to the end, but sort of looking at at least the application of the existing guidelines and their application notes here. Why does that follow? I mean, it seems to me that what you're asking us to do is give an advisory opinion if it makes no difference, if it's not going to influence the outcome. I think the court should still take a look at this particular issue, and this issue is one that's... But if it has no consequences in the case, you're asking us to give an advisory opinion, which is something we're constitutionally prohibited from doing. And as I said, I certainly acknowledge the challenges of sort of where this is, and this is a case that is distinct from those where courts have failed to talk about the particular issues, whether or not they would still make this determination. But I would still urge, I would still ask the court to take a look at the substantive issues that we talk about. But just so I follow, are you conceding that there's no way finding a view on this issue can help you, or are you not conceding? I'm not conceding. So how could finding for you on this issue help you in light of the statement that the district court made that the calculation of the guidelines did not influence his sentence? So I think we... Well, first we have obviously the procedural, and then we also have a substantive issue. On the procedural issue. On the procedural issue. So on the procedural issue, I think we have to look... There was a line, obviously, that the judge in the district court stated that this would not have influenced. I think, I mean, it is a challenging argument to try to get around that. You want to move to the substantive? Certainly. With respect to the substantive reasonableness here, I think, well, first off, I'll now assert the blurred standard of review that this circuit has for that. But I would, you know, just talking about the actual substance of what we're looking at here, and not to belabor the arguments laid out in the brief, but here, I think the judge puts sort of a heavy emphasis on, or puts an emphasis on, factors that were already taken into consideration under the guidelines. He specifically talks about the fact that this was an action that was taken while under, while the individual was on probation, and obviously that is something that hits basically the entirety of the beginning part of the argument, and in our brief, is addressed by the guidelines and the application, and the increase of two additional points for that. But then, you know, he talks about... But, but, but, we're now, we're now, we're now not talking about points in a criminal history score. We're talking about the gravity of the offense. Correct. And, and, and, and this, this particular offense, as, as I recall what the district judge had to say, didn't the judge emphasize very much the quantity of weapons that were seized and the paraphernalia that was seized with them that, that reasonably showed a basis for serious criminal activity? He did emphasize those particular points, and I would suggest, I'm not... Well, I, I, and aren't those fair considerations? Those are. For a substantial increase in the sentence? I mean, ordinarily, you know, we see felon and possession cases where an individual is apprehended with a, with a sidearm in his, in his possession, not with a cache of weapons, a bunch of other criminal paraphernalia, and an AK-47. I certainly acknowledge that those are reasonable things for the district court judge to have considered, but I would also suggest in taking a look here that the judge did rely on additional considerations that we would suggest were already addressed by the, you know, application of the sentencing guidelines, which is something this court can consider in making a determination of the substantive reasonableness of the, of that, of the district court judge's sentence. And so we would suggest that this court take a close look at what the, what the judge did in terms of making a determination of the substantive reasonableness, make a finding that, you know, this case should be remanded for a, a resentencing. Thank you. Mr. Klumper. Good morning. Good morning, Your Honor. May it please the court, Thomas Klumper on behalf of the United States. In this case, the government's argument is that the court did not err, and it correctly applied the guidelines in this case regarding 4A1.1A and 4A1.2K1. However, it appears from the court of the panel also as one concern error was addressing harmlessness. In this case, there was no, this error would be considered then, we're not conceding the first part that it was improperly, or it was correctly done. However, under the harmless error standard, the court properly imposed a 48-month sentence. If you look at the nature and the seriousness of this offense, as Judge Selle indicated, this defendant was caught with an AK-47 type of weapon, with a drum, which had 74 rounds ammunition loaded. He was also with a, with a rifle, cold rifle that was also loaded. In addition to weapons, he had a number of magazines, another drum. He also had ski masks and a black hat, which were part of the paraphernalia that was recovered. And if you look at his previous case, he had been charged with originally aggravated robbery that was reduced down in his, to aggravated appropriations, as well as the use of a weapon in doing this. In order to decide the substantive reasonableness argument, don't we really have to decide the procedural reasonableness point first? Because if this defendant, if the judge, if this defendant really didn't belong in CHC 3, but belonged in a lower criminal history category, doesn't that put the substantive reasonableness of the sentence in a different light? Even though the judge may have done the same thing, it may be substantively reasonable to give this length of sentence for a person who is properly in CHC 3, and it, it may arguably be unreasonable to give this sentence to a defendant who belongs, say, in CHC 1. No, I think, I think if you look at it the way the judge stated, either 1, excuse me, under 2 or 3, he is looking at what are the guidelines. I don't know how he's looking at it, I'm talking about how we're looking at it. When you ask us to say this judge gave a substantively reasonable sentence, all right, it's important for us to know what criminal history category this defendant should properly have been in. And if this defendant should properly have been in a lower, more modest criminal history category, that would certainly be a factor we should consider, we, not the district court, in determining whether this sentence, a sentence of this length, is substantively reasonable. Well, Your Honor, then it goes to argument that this was procedurally correct, what the court did. Oh, I understand, that's your, that's your argument, I'm, I'm just wrestling with the notion that we don't have to decide the procedural point, because it seems to me that in order to decide the substantive reasonableness point, that we may very well have to decide the procedural reasonableness point in the peculiar context of this case. Did, I forget, does the government make an argument that if it is CHC 2, it's still substantively reasonable? Uh, we just did a general argument, it was substantively reasonable. We argued harmlessness. No, I understand that, I'm just wondering, if we assumed it was CHC 2, does the government have any argument as to whether it's substantively reasonable, or is your only argument that it's substantively reasonable under CHC 3? Well, we did argue, because we argued, even if, uh, indirectly what we argued was, under this category, even if it was 11 months difference, or 15 months difference for the 15, between category 2 and 3, it wouldn't make a difference anyway. So we just assumed it was CHC 2 in your view, and still conclude that it's... Let me, let me differ on that, Mr. Klumpfer, I've read your brief. Under substantive reasonableness, you don't make that argument at all. You make that argument under procedural reasonableness. Under the harmlessness, excuse me. Then I stand corrected. But you don't make any argument under substantive reasonableness that it makes no difference whether this defendant belonged in CHC 2 or 3. What's the difference between 2 and 3 in terms of the guideline range? It would be 30, if I recall correctly, it is, uh, 27 to 33 for the category 2. Category 3 is 30 to 37 months in this. So the difference is 4 months difference in the category on the high-end range of it. And what was this, what was this, how much would this sentence be above the high-end range of 2? Of 2, it would have been 15 months, Your Honor. 15 months above? Right, exactly. When we argued the harmlessness. And what was it relative to CHC 3? Uh, 12. Was it within the guidelines, or was it... It was above also, because it was 48 months in this case. So the question is whether the variance of 12 months versus 15 months could make a difference on substantive reasonableness. Correct. Correct. That is correct, Your Honor. So that is what the difference is in this case. And that's why we were arguing the harmlessness, because the court had indicated no matter what, it would have indicated even if it was a 3 versus a 2, under either range of that guideline range. So another way to think about it is we have a district court ruling that it's substantively reasonable under 2, which we could review. Correct. Independent of whether you make an argument to that effect. Correct. Yeah. In this case. Anyway, but if the government's position then, let's say if the court reviews proceduralness, it is correct, because under 4A 1.1a, what would have happened was, in this case, the defendant was imposed a 6-year term of imprisonment based on the revocation. Under 4A 1.12k, you combine those two, what previously would have been just probation, with a new sentence that was imposed for the revocation here. So based on that, and by the counsel I've indicated that earlier in his brief, that to compute it, you have to look at also D, as well as A through C, which is not correct, because under 4A 1.2k 1, what is used is to compute the criminal history point for A, B, or C. Did the defendant make a substantive reasonableness argument predicated on being under CHC 2, or was his argument that it was substantively unreasonable if he applies CHC 3? I think it's the same as ours, Your Honor. So in the same boat. So anyway, but Your Honor, in this case, our argument is harmless, because the court stay would have imposed the same type of sentence in this case, and so we leave it on the briefs.  Thank you. Thank you, Your Honor. Thank you.